## HALIFAX BARNES *v.* STATE OF MISSISSIPPI.

[53 South. 956.]

CRIMINAL LAW AND PROCEDURE. *Trespass less than larceny. Domestic animal. Code* 1906, § 1264. *Right to property. Honest belief.*

A conviction, under Code 1906, § 1264, making it a misdemeanor to take and carry away a domestic animal where the taking does not amount to larceny, will not be supported in the absence of all evidence to show that the defendant did not honestly believe he had a right to take the property if the circumstances of the case are suggestive of such belief.

FROM the circuit court of first district, Tallahatchie county.

HON. N. A. TAYLOR, Judge.

Barnes, appellant was indicted for petit larceny, was convicted of criminal trespass less than larceny, under Code 1906, § 1264, was sentenced to imprisonment in the county jail and to payment of a fine, and appealed to the supreme court.

The opinion states the facts. Code 1906, § 1264, is as follows:

"Any person who shall, without the consent of the owner or his agent take and carry away any horse, mare, gelding, mule, jack, jennet, sheep, cow, bull, ox, cow, calf, hog or other live stock or dog, where such taking and carrying away shall not amount to larceny, shall upon conviction be fined not exceeding five hundred dollars or be imprisoned not exceeding six months in the county jail, or both; and a verdict of guilty of such taking and carrying away may be rendered under an indictment for larceny, if the evidence shall not warrant a verdict of guilty of larceny but shall warrant a conviction under this section; but this section shall not apply to any one who takes such property believing, in good faith, that he has a right to it."

*Broome & Woods,* for appellant.

Appellant is guilty of no wrong. He took the bull in good faith, believing that he had a right to do so. He thought he was obeying orders.

There is not sufficient testimony to show even an illegal taking. The mere fact that the bull was found in a different range from where Matthews thought the animal would be found, and was branded with the Adams brand, in no way made out a case against appellant. Under the circumstances the court below should have granted the peremptory instruction in his favor asked by appellant.

*Carl Fox,* assistant attorney-general, for appellee.

The evidence was sufficient to sustain the verdict. It is undisputed that the appellant had been breaking in and working bulls and steers belonging to Matthews for several years, and that Matthews' brand was an "M." It is also undisputed that the animal in question was the property of Adams, and was branded on the hip "J. A.," or "J. C." Matthews testified that some of his cattle were branded and some were not. The nature of the brand on the bull that was taken by appellant was shown in evidence. Matthews testified that he told the appellant that he had a red bull at Holly Grove and that the bull was four or five years old, and the appellant could take it and work it. He also testified that Holly Grove was some five or six miles from Adams' cattle range.

The appellant testified that he found the animal in Shelly's field, which was about two miles from Holly Grove, at the place where Matthews had told him the bull would be found. It seems to me that the jury were warranted in believing that the appellant knew the bull was not the property of Matthews, and was not the one which he was told to take up and work. It does not matter that the appellant may not have known to whom the bull belonged, or that the bull belonged to Adams. If appellant

knew that he was taking up a bull which did not belong to Matthews, and which he had no permission to take up and work, then appellant was guilty of the trespass which is prohibited by Code 1906, § 1264.

ANDERSON, J., delivered the opinion of the court.

The charge against appellant is the larceny of a red Durham bull, the property of J. C. Adams. He was convicted of a criminal trespass for his taking, as may be done under section 1264, Code 1906, from which judgment he appeals to this court.

He defends on the ground that he took the bull in good faith, believing he had the right to do so, which, under the statute referred to, is a good defense. It is contended on his behalf that there was not sufficient testimony to go to the jury on the question of guilt, and therefore the court below erred in refusing the peremptory instruction to the jury to return a verdict of not guilty. The testimony is undisputed that Matthews owned a large number of cattle running out, among them a red Durham bull; that he authorized appellant to take up his bull and break it to the yoke, telling him where he would probably find it, but not informing him as to his brand, or whether the bull was branded; that appellant took up a bull at a different place, answering, however, the description of that of Matthews, but in the brand of, and in fact the property of, Adams, which he was driving about over the country to his wagon, openly, in the daytime, when Adams discovered and identified his property; appellant telling him frankly at the time where he got the bull, and his authority for taking it up. The only testimony tending in the least to show guilt is the fact the bull was found in a different range from where Matthews thought he would be found, and was branded in the mark of Adams. There was no testimony to show that appellant knew either the brand of Matthews or

Adams. Such testimony is entirely too flimsy to support a verdict of guilty. ˙The court should have given the peremptory instruction.          *Reversed and remanded.*